IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MARCUS TAYLOR,

    Plaintiff,

  v.                                                                                                No. 1:20-cv-01099-JDB-jay

WILLIAMS SAUSAGE COMPANY, INC.,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S REQUEST FOR RELIEF FROM THE ORDER OF DISMISSAL**

---

Before the Court is the response of Plaintiff, Marcus Taylor, to the Court's Show Cause Order. (Docket Entry ("D.E.") 15.) For the reasons set forth below, the Plaintiff's request to allow him to proceed with this action is DENIED. Further, the Clerk's Office is directed to enter judgement dismissing this case for failure to prosecute.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, through counsel, filed a complaint against Defendant, Williams Sausage Company, Inc., on May 6, 2020, (D.E. 1) followed by an amended complaint four days later. (D.E. 7). Defendant submitted its answer to the complaint on June 5, 2020, (D.E. 9) and to the amended complaint on June 8. (D.E. 10). On July 3, 2020, Wes Sullenger, who at that time was the attorney for Plaintiff, filed a motion to withdraw. (D.E. 11). On July 6, 2020, the Court granted the motion and directed Plaintiff to advise the name of his new counsel, or whether he would be representing himself, within thirty days from the date of the July 6 order. (D.E. 12).

On August 11, 2020, after Taylor failed to comply with the order, the Court directed Plaintiff to show cause within fourteen days as to why his claims against Defendant should not be

dismissed for his failure to prosecute. (D.E. 14). Plaintiff was warned that not submitting a timely response would result in the dismissal of his lawsuit. Taylor did not respond within the time allowed. As a result, on August 28, 2020, the Court dismissed Plaintiff's lawsuit. (D.E. 15). Three days later, but over three weeks after the deadline to respond to how he would proceed had passed and five days after the time to respond to the show cause order had expired, Plaintiff submitted his response. (D.E. 16).

In his pleading, Taylor primarily expressed grievances he has had with his former attorney. Plaintiff averred that he was "misled in the entire representation of [his] case by [Mr. Sullenger]." He further disclosed that he was dissatisfied with Sullenger's conclusion that Plaintiff did not have a viable lawsuit and with the amount of money he paid his attorney. Taylor also stated that Sullenger's staff informed Plaintiff that if he proceeded with his lawsuit, it could be construed as frivolous. Plaintiff averred that his email correspondence with his counsel and his staff was erased, however, it is not clear if he is accusing Sullenger of deleting that correspondence. Taylor concluded by claiming that "these are only partial reasons for [his] lack of response without notice," however, he has provided no other specifics for failing to timely present his position on how he would proceed in this lawsuit.

On September 4, 2020, Defendant responded (D.E. 17) to Plaintiff's submission, construing it as a motion under Rule 60(b), Federal Rules of Civil Procedure. Although Taylor did not specifically reference the rule, the Court agrees with Defendant that Plaintiff's response appears to be akin to such a motion seeking relief from the dismissal. (D.E. 17). Thus, the Court will determine whether Fed. R. Civ. P. 60(b) is applicable in this circumstance.

STANDARD OF REVIEW

Fed. R. Civ. P. 60(b) allows a party to seek relief from a judgment or order if the party can demonstrate that one or more of the six reasons enumerated in the rule are satisfied, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Taylor's response does not specifically identify any of these reasons, however, the crux of his pleading is to convince the Court that he is entitled to relief based on excusable neglect stemming from his disputes with his former attorney. Therefore, the Court will proceed with an analysis of Plaintiff's claim as one seeking relief pursuant to excusable neglect under Fed. R. Civ. P. 60(b)(1).

The party seeking to invoke Rule 60(b)(1) bears the burden of establishing that its prerequisites are satisfied. *See McCurry v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002) (citing *Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)). In determining whether relief is appropriate on the basis of excusable neglect, courts consider three factors. The court first determines whether the neglect that led to the dismissal was excusable. *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012); *see also Buck v. U.S. Dep't of Agric., Farmers Home Admin.*, 960 F.2d 603, 607 (6th Cir. 1992) (citing *United Coin Meter v. Seaboard Coastline Railroad*, 705 F.2d 839 (6th Cir. 1983). Second, the court considers whether the opposing party will be prejudiced. *Yeschick*, 675 F.3d at 628; *Buck*, 960 F.2d at 607. Finally, the court typically examines whether the moving party has a meritorious defense. *Buck*, 960 F.2d at 607. In cases where the Court has dismissed the case for failure to prosecute, however, the analysis differs slightly, and no inquiry is made into the existence of a meritorious defense. *Id*. Additionally, the moving party must demonstrate that the first factor is satisfied—that is, that the moving party's conduct was excusable—before the court will proceed to examine the second

factor. *Yeschick*, 675 F.3d at 628–29 (6th Cir. 2012) (citing *Flynn v. People's Choice Home Loans, Inc.*, 440 Fed. App'x. 452, 457–58 (6th Cir.2011)).

## ANALYSIS

As for the first factor, Taylor's response primarily addressed his disputes with Sullenger. The Court understands that Plaintiff had several grievances with his attorney, however, the response fails to explain why his disputes with Sullenger prevented him from responding within the allotted time to both deadlines. Moreover, the allegations Taylor made in his response occurred prior to this Court granting Sullenger's withdrawal as counsel, which was thirty days before the first missed deadline. The Court is not convinced that the issues Plaintiff proffered as justification excuse him from missing deadlines that did not expire until several weeks later. *See, e.g.*, *Manns v. Honda of Am. Mfg., Inc.*, No. C2:09-CV-816, 2010 WL 5541044, at *1–2 (S.D. Ohio Dec. 30, 2010), *report and recommendation adopted*, No. C2:09-CV-816, 2011 WL 353302 (S.D. Ohio Feb. 2, 2011) (recommending Plaintiff's lawsuit be dismissed for failure to prosecute after the Court's finding that Plaintiff's dispute with his counsel over the proper handling of his case, Plaintiff's alleged incarceration during one of his status conferences, and Plaintiff's alleged difficulties with having his mail forwarded to his new address did not constitute a legitimate reason for missing deadlines imposed by the Court). Therefore, the Court finds that Plaintiff has failed to show that his failure to timely respond to the Court's orders were a result of excusable neglect. Because Taylor does not satisfy the first factor, the court need not examine the second factor. *See Yeschick*, 675 F.3d at 628–29 (citing *Flynn*, 440 Fed. App'x. at 457–58).

Moreover, while "some latitude may be extended to pro se litigants 'dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural requirements that layperson[s] can comprehend as easily as a lawyer.'" *Gooch v. TGI*

4

*Friday*, No. 2:13-CV-02326-JTF, 2013 WL 6669546, at *2 (W.D. Tenn. Dec. 18, 2013) (quoting *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir.1991)). Furthermore, in order to preserve a defendant's right to timely resolution of litigation, "pro se litigants should not 'be accorded special consideration' when they fail to adhere to easily understood court deadlines and requirements." *Gooch*, 2013 WL 6669546, at *2 (quoting *Jourdan*, 951 F.2d at 110). Therefore, while the Court understands that Plaintiff is presently representing himself, it need not treat him more favorably when he does not comply with an easily understood deadline.

The only other possible basis for Taylor's request for relief would be pursuant to Fed. R. Civ. P. 60(b)(6), which provides grounds for relief for "any other reason that justifies relief." The Sixth Circuit has explained, however, that relief under this rule applies only when the movant demonstrates "exceptional and extraordinary circumstances, which are defined as those unusual and extreme situations where principles of equity mandate relief," *Exp.–Imp. Bank of U.S. v. Advanced Polymer Sciences, Inc.,* 604 F.3d 242, 247 (6th Cir.2010) (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir.2001)). Moreover, "[i]n ruling on a motion made under 60(b)(6), the trial court's discretion 'is especially broad given the underlying equitable principles involved.'" *Guy v. Lexington-Fayette Urban Cty. Gov't*, 624 F. App'x 922, 931 (6th Cir. 2015) (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir.1989)).

Here, Plaintiff's disputes with his attorney do not rise to the "exceptional or extraordinary circumstances" standard. Disagreements over fees and the viability of Plaintiff's lawsuit are not extraordinary in this context. Moreover, such disagreements should not have prevented Plaintiff from abiding by the deadlines imposed by this Court. Additionally, many, if not all, of the arguments, as well as Sullenger's withdrawal, occurred weeks prior to the deadlines. Therefore, even if these disputes were "exceptional and extraordinary," Plaintiff could have informed the

court of those issues in a timely filing, which he did not. For these reasons, relief pursuant to Fed. R. Civ. P. 60(b)(6) is not applicable in this case.

## CONCLUSION

For the reasons articulated herein, Plaintiff's request for relief from the Order of Dismissal is **DENIED**, and the Clerk's Office is directed to enter judgement dismissing this case for failure to prosecute.

IT IS SO ORDERED this 13th day of October 2020.

s/ J. DANIEL BREEN<br>
UNITED STATES DISTRICT JUDGE